IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| GOCHA KHELASHVILI and MAKA CHOLOKAVA, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 07 C 2826 Wayne R. Andersen |
| DOROCHOFF ET AL., | ) ) | District Judge |
| Defendants. | ) ) | |

**<u>MEMORANDUM OPINION AND ORDER</u>**

This matter comes before the court on defendants' motion to dismiss pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. For the following reasons, the motion is denied.

BACKGROUND

Plaintiffs filed a writ of mandamus to compel the U.S. Citizenship and Immigrations Services ("USCIS") to adjudicate plaintiffs' Form I-485 Applications for Adjustment of Status. The applications were filed in January 2003, but have not been adjudicated by USCIS because the required background and name checks have not been completed. Plaintiff Khelashvilli bases his application on an approved Labor Certification and an approved I-140 Immigrant Petition for Alien Worker. As an Assistant Research Professor of Physics at the Illinois Institute of Technology, his application also falls within the EB-2 employment category. Plaintiff Cholokava filed her petition as a derivative beneficiary based upon her marriage to Khelashvilli. The couple lives in Chicago, Illinois with their daughter who was born in the United States.

1

Defendants have moved to dismiss for failure to state a claim and/or lack of subject matter jurisdiction. They contend that plaintiffs have no clear right to relief and that federal courts have no authority to review this matter. Plaintiffs argue that jurisdiction exists pursuant to 28 U.S. C. § 1331 (arising under federal law, namely the Administrative Procedures Act ("APA"), 5 U.S.C. § 555) and the Mandamus Act, 28 U.S.C. § 1361. Even if the court finds that jurisdiction could be conferred by these statutes, the defendants also argue that it is removed by the jurisdiction provision of the Illegal Immigration Reform and Immigrant Responsibility Act ("IIRIRA"), 8 U.S.C. § 1252(a)(2).

LEGAL STANDARD

In deciding a motion to dismiss for failure to state a claim under Rule **12(b)(6)**, the court must accept all well-pleaded allegations in the complaint as true, and draw all reasonable inferences in a light favorable to the plaintiff. *Jackson v. E.J. Brach Corp.*, 176 F.3d 971, 978 (7th Cir. 1999). A complaint must describe the claim with sufficient detail as to give the defendants "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Further, the "allegations must plausibly suggest that the defendant has a right to relief, raising that possibility above a 'speculative level.'" *EEOC v. Concentra Health Servs.*, 496 F.3d 773, 776 (7th Cir. 2007) (citing *Bell Atlantic*, 127 S. Ct. at 1965).

The standard for resolving a motion for lack of subject matter jurisdiction under Rule **12(b)(1)** differs from a Rule 12(b)(6) motion to dismiss only in that the court is not limited to the jurisdictional contentions asserted in the complaint, but may consider other evidence submitted

to determine whether subject matter jurisdiction exists. *Ezekiel v. Michel,* 66 F.3d 894, 897 (7th Cir. 1995).

DISCUSSION

I. **Jurisdiction is conferred by the APA and the Mandamus Act**.

District courts have "jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. "Mandamus relief will be granted if the plaintiff can demonstrate that the three enumerated conditions are present: (1) a clear right to the relief sought; (2) that the defendant has a duty to do the act in question; and (3) no other adequate remedy is available." *Iddir v. INS*, 301 F.3d 492, 499 (7th Cir. 2002) (citing *Scalise v. Thornburgh*, 891 F.2d 640, 648 (7th Cir. 1989)). In other words, mandamus cannot be used to compel or review discretionary actons. *Nova Stylings, Inc. v. Ladd,* 695 F.2d 1179, 1180 (9th Cir.1983)

The APA provides that "[w]ith due regard for the convenience and necessity of the parties or their representatives and within a reasonable time, each agency shall proceed to conclude a matter presented to it." 5 U.S.C. § 555(b). The court is empowered to "compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706. To invoke jurisdiction under the APA, plaintiffs must show that the agency (1) had a nondiscretionary duty to act and (2) unlawfully withheld or unreasonably delayed acting on that duty. *Norton v. S. Utah Wilderness Alliance*, 542 U.S. 55, 63-65 (2004); *Liu v. Chertoff*, No. 06-2808, 2007 WL 2023548, *3 (E.D. Cal. Jul.11, 2007).

Both the Mandamus Act and the APA require the court to decide whether the USCIS had a nondiscretionary duty to adjudicate plaintiffs' applications for adjustment of status. The

Immigration and Nationality Act authorizes "the Attorney General, in his discretion and under such regulations as he may prescribe," to adjust to permanent residence status certain aliens who have been admitted into the United States. 8 U.S.C. § 1255(a). From the plain language of the statue, it is undisputed that the decision whether to grant or deny an application for adjustment of status is discretionary. The issue in this case is whether the *adjudication* of those applications is also discretionary.

Although we acknowledge that a number of courts have found no duty to process applications under 8 U.S.C. § 1255(a)[1], in the absence of authority from the Seventh Circuit or Supreme Court, we are persuaded by the reasoning of an equal number of courts finding in favor of subject matter jurisdiction and a nondiscretionary duty to adjudicate. *See e.g. Liu v. Chertoff*, No. 06-2808, 2007 WL 2023548, *3 (E.D. Cal. Jul. 11, 2007); *Lei Xu v. Chertoff*, No. 07-366, 2007 WL 2033834, (D.N.J. 2007); *Saleem v. Keisler*, No. 2007 WL 3132233 (W.D. Wis. Oct. 26, 2007); *Hoyoung Song v. Klapakas*, No. 06-05589, 2007 WL 1101283 (E.D. Pa. Apr. 12, 2007); *Guangming Liu v. Chertoff*, No. 06-3297, 2007 WL 1202961 (C.D. Ill. Apr. 23, 2007); *Paunescu v. INS*, 76 F. Supp. 2d 896, 901 (N.D. Ill. 1999). These courts have held that the USCIS has a non-discretionary duty to adjudicate adjustment applications and that this duty supports a mandamus action. *Lei Xu v. Chertoff*, 2007 WL 2033834, at *3 (citing *Song v. Klapakas, 2007 WL 1101283*, at *3). Without mandamus relief, USCIS could choose to fail to process applications indefinitely, leaving applicants in "a state of limbo" and without recourse. *Pool v. Gonzales,* No. 07-258, 2007 WL 1613272, *2 (D.N.J. Jun. 1, 2007). The court,

---

[1] Sharif v. Chertoff, 497 F. Supp. 2d 928, 933 (N.D. Ill. 2007); *Grinberg v. Swacina,* 478 F. Supp. 2d 1350 (D. Fla. 2007); *Elzerw v. Mueller,* No. 07-166, 2007 WL 1221195 (E.D. Pa. Apr. 23, 2007); Safadi v. Howard, 466 F. Supp. 2d 696, 700 (E.D. Va. 2006).

4

therefore, finds that the plaintiffs have properly stated a claim for mandamus relief because the defendants have a nondiscretionary duty to adjudicate applications for adjustment of status, and the plaintiffs have a corresponding right to have those applications processed. Having found that the elements exist to bring suit pursuant to the Mandamus Act, the court has proper jurisdiction.

The court further finds that the APA imposes a duty upon USCIS not only to process applications for adjustment of status, but to do so within a reasonable time. The APA states that "within a reasonable time, each agency shall proceed to conclude a matter presented to it." Although 8 U.S.C. § 1255, nor the APA specifies a time by which an adjudication should be made, we agree with courts that have held that "by necessary implication" the adjudication must occur within a reasonable time. *Agbemaple v. INS,* No. 97-8547*, 1998 WL 292441 (N.D. Ill. May 18, 1998)*; *see also Lei Xu v. Chertoff*, , 2007 WL 2033834, at *3; *Paunescu v. INS*,76 F. Supp. 2d at 901. It could not have been the intent of Congress to allow the agency to withhold performance of its duty indefinitely. "There are too many important rights associated with permanent resident status to allow the speed at which these applications are processed to go entirely unchecked." *Okunev v. Chertoff*, No. 07-00417, 2007 WL 2023553, *5 (N.D. Cal. Jul. 11, 2007). While federal courts may not review a decision by the USCIS to approve or deny an application, the obligation to process those applications is not discretionary and must be done within a reasonable time. *See Lei Xu v. Chertoff,,* 2007 WL 2033834, at *3, citing *Pool*, 2007 WL 1613272, at *2 . Thus, the court may review unreasonable delays in the performance of defendants' nondiscretionary duty to adjudicate applications for adjustment of status.

Having found that 8 U.S.C. § 1255 provides a clear right to plaintiffs for relief and that both the Mandamus Act and APA confer jurisdiction, the court must now consider whether Congress barred that jurisdiction with 8 U.S.C. § 1252(a)(2).

II.    **Jurisdictional bar by 8 U.S.C. § 1252(a)(2)(B)(ii)**

Courts that have held that no jurisdiction exists regarding the review of applications for adjustment of status pursuant to 8 U.S.C. § 1255(A), have relied upon the jurisdiction-stripping provision of 8 U.S.C. § 1252(a)(2)(B) which states that:

> Notwithstanding any other provision of law (statutory or nonstatutory) . . . no court shall have jurisdiction to review--
>
> (i) any judgment regarding the granting of relief under section . . . 1255, or
>
> (ii) any other decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this title [8 U.S.C. §§ 1151 et seq.] to be in the discretion of the Attorney General or the Secretary of Homeland Security, other than the granting of relief under section 208(a) [8 USCS § 1158(a)].

*See Sharif v. Chertoff,* 497 F. Supp. 2d 928, 933 (N.D. Ill. 2007); *Sadafi v. Howard,* 466 F. Supp. 2d 696, 700 (E.D. Va. 2006). Such courts have interpreted "decision or action" to encompass the entire process of adjudication of the adjustment applications, specifically holding that "judicial review of any 'action,' meaning any act or series of acts, included within the ongoing adjudication process and the pace at which that action proceeds" is precluded. *Sadafi*, 466 F. Supp. 2d at 700. As discussed above, we disagree with this interpretation and hold that the duty to process applications and the "timeliness of the process is not discretionary." *Linville v. Barrows*, 489 F. Supp. 2d 1278, 1281 (W.D. Okla. 2007). As recently stated by a federal court sitting in the Northern District of California, such a restrictive interpretation of 8 U.S.C. § 1252(a)(2)(B)(ii) "would render toothless all timing restraints, including those imposed by the

6

APA, which would amount to a grant of permission for inaction." *Fu v. Gonzales*, No. 07-0207, 2007 WL 1742376, *4 (N.D. Cal. May 22, 2007).

It is worth noting that even courts that have found jurisdiction over mandamus actions concerning adjustment applications to be precluded have reserved deciding "whether jurisdiction would exist in a district court to review plaintiff's case where USCIS refused altogether to process an adjustment application or where the delay was so unreasonable as to be tantamount to a refusal to process the application." *Sadafi*, 466 F. Supp. 2d at 701. From the pleadings and briefings on the instant motion, the court has learned that five years have elapsed since the original application was made and regular inquiries have been made during the intervening years. Courts have found delays of as little as two-and-a-half years to be so unreasonable as to amount of the refusal to process. *Liu v. Chertoff*, No. 06-2808, 2007 WL 2433337 (E.D. Cal. Aug. 22, 2007); *see also Sun v. Gonzales*, No. 07-0180, 2007 WL 3548280 (E.D. Wash. Nov. 15, 2007) (holding that a three-year delay was unreasonable). Having concluded that the duty to process adjustment applications is nondiscretionary and therefore subject to judicial review, we need not evaluate the unreasonableness of the particular delay in this case in order to deny defendants' motion to dismiss.

Lastly, the court agrees that valid national security concerns are raised in all matters relating to immigration and citizenship. However, as plaintiffs do not challenge the requirements of background or name checks, merely the near five-year delay or inaction in the investigation process, the court sees no need to address defendants' arguments relating to national security.

CONCLUSION

Having found the subject matter jurisdiction is proper in this case, and all of the foregoing reasons, defendants' motion to dismiss [11] is denied.

It is so ordered.

_____
Wayne R. Andersen
District Judge

Dated: December 6, 2007